UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                              ) |                                  |
| -------------------------------------------- | -------------------------------- |
| EMMANUEL N. LAZARIDIS,                       ) |                                  |
|                                              ) |                                  |
|     Plaintiff,           ) |                                  |
|                                              ) |                                  |
|     v.                   ) | Civil Action No. 09-1177 (RMC)   |
|                                              ) |                                  |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, ) |                              |
|                                              ) |                                  |
|     Defendants.          ) |                                  |

## MEMORANDUM OPINION

In this *pro se* civil action, plaintiff Emmanuel N. Lazaridis, who is suing also on behalf of his minor daughter, V.L, seeks records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from the United States Department of Justice ("DOJ"), the National Center for Missing and Exploited Children ("NCMEC") and the International Centre for Missing and Exploited Children ("ICMEC"). In addition, Mr. Lazaridis seeks relief under 28 U.S.C. § 1782(a) to "compel . . . testimony and documents [from NCMEC and ICMEC] as may not be obtained under the FOIA, for use in proceedings before foreign tribunals."[1] Compl. ¶¶ 1, 83-94.

---

[1] The Court previously determined that § 1782 does not create a private cause of action but rather is a mechanism for foreign or international tribunals or litigants appearing before them to obtain testimony or discovery via the "district court of the district in which a person resides or is found" for use in the foreign tribunal. 28 U.S.C. § 1782(a). This Court may issue an order compelling testimony or discovery "pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person[.]" Mr. Lazaridis makes clear that he is invoking this statute only against NCMEC and ICMEC, *see* Mem. of P. & A. in Support of the Plaintiff's Cross Motion for Summary Judgment on Claims 1 and 2 ("Pl.'s Mem.") at 1 n.1, neither of which "resides" in the District of Columbia but arguably "is found" here. Presumably because Mr. Lazaridis' need for such relief is contingent upon his inability to obtain information under the FOIA, he has not specified "the testimony or statement to be given, or the document[s] . . . to be produced." 28 U.S.C. § 1782(a). His application, *see* Compl. at 20 ("Fourth Cause of
(continued...)

Pending before the Court are DOJ's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted [Dkt. # 27], NCMEC and ICMEC's joint motion to dismiss under Rule 12(b)(6) [Dkt. # 18] and Mr. Lazaridis' motion for summary judgment on "Claims 1 and 2" [Dkt. # 30]. Upon consideration of the parties' submissions, the Court will grant NCMEC and ICMEC's motion to dismiss, grant in part and deny in part DOJ's motion to dismiss, and deny Mr. Lazaridis' motion for summary judgment.

## I. BACKGROUND

### A. DOJ Records

Mr. Lazaridis, who resides in Greece, alleges that on August 22, 2005, he submitted three FOIA requests to DOJ for records maintained by the Executive Office for United States Attorneys ("EOUSA"), the Federal Bureau of Investigation ("FBI") and the United States National Central Bureau of INTERPOL. Compl. ¶ 9. He requested "written audio, video or electronic records" pertaining to himself and V.L. "dating from 2002 to 2005." *Id*. ¶ 10. DOJ denied Mr. Lazaridis' requests because of his alleged fugitive status. *Id*. ¶ 11. On November 13, 2008, Mr. Lazaridis submitted four requests to DOJ for the same type of records but "dating from 2002 to 2008." *Id*. ¶ 13. INTERPOL denied Mr. Lazaridis' request for V.L.'s records based on its determination that he was in violation of two state court judgments awarding custody of V.L. to his ex-wife and, thus, "lack[ed] the capacity to make a [FOIA] request for [his] daughter's records on her behalf[.]" *Id*. ¶ 14 (quoting "Denial of March 27, 2009").

---

[1](...continued)
Action"), is not only too broad to support an order authorized by § 1782 but is also premature. Only the FOIA claims are properly before the Court.

### B. NCMEC and ICMEC Records

Mr. Lazaridis alleges that on November 13, 2008, he submitted two requests to NCMEC and to ICMEC, both based in Alexandria, Virginia, "for records pursuant to the Privacy Act 1974, the FOIA and Virginia Code § 2.2-3806." *Id*. ¶ 15. Each organization denied Mr. Lazaridis' request on the basis that it was a private, non-profit organization not subject to the Privacy Act or the FOIA. *Id*. ¶¶ 16-17. Mr. Lazaridis filed this civil action on June 26, 2009.

## II. LEGAL STANDARD

The Court's jurisdiction under the FOIA extends only to claims arising from the improper withholding of agency records. 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980)). As a general rule, the requestor's identity and need for the records are irrelevant to the FOIA analysis. *See U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 770-71 (1989); *Swan v. S.E.C.*, 96 F.3d 498, 499-500 (D.C. Cir. 1996); *North v. Walsh*, 881 F.2d 1088, 1096-97 (D.C. Cir. 1989). Therefore, the Court, unlike the parties, will confine its discussion to the FOIA issues at hand.[2]

At this pleading stage, a complaint may be dismissed for failure to state a claim upon a determination that the plaintiff cannot establish "any set of facts consistent with the allegations in the complaint" to support the alleged violation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "A pleading that [merely] offers 'labels and conclusions'[,] 'a formulaic recitation of the elements of a cause of action' [or] 'naked assertion[s]' devoid of 'further factual enhancement'" cannot survive a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

---

[2] The Court will deny Mr. Lazaridis' motion for summary judgment on Claims 1 and 2 because, as will become apparent, it is predicated on facts immaterial to the FOIA issues.

1949 (2009) (quoting *Twombly*). In ruling on a motion to dismiss, the Court need not accept legal conclusions cast as factual allegations, *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004), or "inferences drawn by [the plaintiff] if such inferences are unsupported by the facts set out in the complaint," *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### III.  ANALYSIS

#### A.  Subject Matter Jurisdiction

On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Delaney v. District of Columbia*, 612 F. Supp. 2d 38, 42 (D.D.C. 2009) (citing cases). "The defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

DOJ argues correctly that Mr. Lazaridis lacks standing to sue on V.L.'s behalf because he is neither an attorney nor V.L.'s duly appointed representative as defined by Federal Rule of Civil Procedure 17(c)(1). Pursuant to 28 U.S.C. § 1654, "the parties [in federal court] may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." In other words, a lay person such as Mr. Lazaridis can appear *pro se* but is not qualified to appear as counsel for others. *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984); accord *Delaney v. District of Columbia*, 612 F. Supp. 2d 38, 41 (D.D.C. 2009). Moreover, Mr. Lazaridis has not established that he is V.L.'s "general guardian" or "a like fiduciary," Fed. R. Civ. P. 17(c)(1), under District of Columbia law. *See Brimhall v. Simmons*, 338 F.2d 702, 706 (6th Cir. 1964) (concluding that under Fed. R. Civ. P. 17(b) and (c), "the capacity to sue by one acting in a representative capacity shall be determined by

4

the law of the state in which the district court is held").³ The Court therefore will grant DOJ's Rule 12(b)(1) motion to dismiss the claims brought on behalf of V.L.

### B. NCMEC and ICMEC's Motion

The FOIA creates a cause of action only against federal agencies and agency components of the executive branch of the United States. *See Sherwood Van Lines, Inc. v. U.S. Dep't of Navy*, 732 F. Supp. 240, 241 (D.D.C. 1990). They include "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of Government (including the Executive Office of the President ), or any independent regulatory agency[.]" 5 U.S.C. § 552(f)(1).

NCMEC and ICMEC argue that as private, non-profit organizations, they are not subject to the FOIA's disclosure requirements. Mr. Lazaridis appears to concede this issue, *see* Response in Opposition to Defendants NCMEC and ICMEC's Motion to Dismiss ("Pl.'s Opp'n.") at 10, but "reserv[es] [] the right to request review on appeal and rejection of [the District of Columbia Circuit's] construction of 5 U.S.C. § 552(f)" announced in *Dong v. Smithsonian Inst*., 125 F.3d 877, 879 (D.C. Cir. 1997). In *Dong*, the D.C. Circuit reasoned that in crafting § 552(f), "Congress evidently viewed the four specified classes as examples of 'establishments in the executive branch,' so that an entity clearly outside the executive branch would not qualify even if it could otherwise be shoehorned into the concept of a 'Government controlled corporation.'" 125 F.3d at 879. It concluded that "because the Smithsonian is not an establishment in the executive branch, it cannot fall into any of the conceivably applicable § 552(f) categories." *Id*. at 880. While

---

³ Given the unsettled nature of the custody dispute over V.L., *see* Def.'s Mem. at 3-8, "[i]t would be wholly inappropriate to recognize either parent as an appropriate guardian" for the purpose of resolving this case. *Foretich v. Glamour*, 741 F. Supp. 247, 250 (D.D.C. 1990).

acknowledging "an impressive array of links between the Smithsonian and the federal government," including its operating under "a federal charter granted by Congress in 1846," *id*., the D.C. Circuit determined nonetheless that "the Smithsonian lacks both the [substantial independent] 'authority' necessary for it to qualify as an 'authority of the government of the United States' under § 551(1) and the executive department status necessary under § 552(f)." *Id*. at 883. It reasoned that the Smithsonian "does not make binding rules of general application or determine rights and duties through adjudication. It issues no orders and performs no regulatory functions." *Id*. at 882.

NCMEC's and ICMEC's connections to the executive branch are much more remote than the Smithsonian's. "NCMEC was established in 1984 as a private, nonprofit 501(c)(3) organization to provide services nationwide for families and professionals in the prevention of abducted, endangered, and sexually exploited children." Mandate and Mission, http://www.ncmce.org (follow "About Us" hyperlink; then follow "Mandate & Mission" hyperlink) (last visited May 26, 2010). It was founded by private individuals John and Reve Walsh of Walsh Consultants, and its Board of Directors includes representatives of the private, non-profit, corporate and public sectors.[4] *See id*. (follow "About Us" hyperlink; then follow "Board of Directors" hyperlink); *cf. with Dong*, 125 F.3d at 879 (finding it "plain that the Smithsonian is not an [executive branch] establishment" where most of the governing Board of Regents is appointed by Congress). As a federal grantee, NCMEC is "a key component" of programs administered by the Child Protection Division of DOJ's Office of Juvenile Justice and Delinquency Prevention ("OJJDP"), "which prevent or address offenses committed against vulnerable children and which support missing children's organizations[.]" 42 U.S.C. § 5773(8)-(9). It serves as a national resource center

---

[4] Neither Mr. Lazaridis nor the website suggests that the executive branch has a hand in appointing board members.

and clearinghouse, "works in partnership" with a number of agencies "in the effort to find missing children and prevent child victimization" and operates a national network with international links. *Id*. at (9). In addition to receiving an annual grant from OJJDP, NCMEC is funded by corporations, foundations and individuals. *See* http://www.ncmec.org (follow "Supporters" hyperlink). NCMEC "launched" ICMEC in 1998 "to identify and coordinate a global network of organizations fighting child-sexual exploitation and abduction." Missing Children Website, http://www.icmec.org (last visited May 26, 2010).

Mr. Lazaridis has identified neither a statutory nor a regulatory source authorizing NCMEC to exercise independent governmental authority. *See Dong*, 125 F.3d at 882. Similar to the D.C. Circuit's observation of the Smithsonian, NCMEC "appears to be no different from any private [organization] which receives federal funds and enjoys some control over their use." *Id*. at 882. Its seemingly "public authority" is "entirely ancillary to its [informational] and educational mission." *Id*. Because NCMEC and ICMEC are not subject to the FOIA, the Court will grant their motion to dismiss for failure to state a claim upon which relief can be granted.[5]

**C. DOJ's Motion**

DOJ seeks dismissal of this FOIA lawsuit because of Mr. Lazaridis' alleged fugitive status. Under the fugitive disentitlement doctrine, a court, in its discretion, may dismiss a civil action if the plaintiff is a fugitive, his fugitive status has a connection to the present proceedings, *see Daccarett-Gia v. Comm'r of I.R.S.*, 70 F.3d 621, 626 (D.C. Cir. 1995), and dismissal "is necessary

---

[5] Mr. Lazaridis may have "a common-law right of access to public records that stands independently of the [FOIA]." *Hill v. Fed. Judicial Center*, 238 Fed.Appx. 622, 623 (D.C. Cir. 2007). Because NCMEC and ICMEC are based in Virginia, however, the Court declines to exercise supplemental jurisdiction over such a claim, which presumably is redressable in the Virginia courts under Virginia law.

to effectuate the concerns underlying the . . . doctrine." *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998) (citations omitted). "[T]he sanction of disentitlement is most severe" and, thus, is "limited by the necessity giving rise to its exercise." *Degan v. United States*, 517 U.S. 820, 828-29 (1996). As the D.C. Circuit explained:

> [T]he doctrine is grounded in a court's power to control its own docket and its own proceedings. If the individual's fugitive status has no 'connection' to the present proceedings in the sense that it neither affects the court's ability to carry out its judicial business nor prejudices the government as a litigant, the claim may not be dismissed. There is no exception to this rule for individuals who remain fugitives.

*Daccarett-Gia*, 70 F.3d at 626; *see Jaffe v. Accredited Surety and Casualty Co., Inc.*, 294 F.3d 584, 596-97 (4th Cir. 2002) (observing that since the *Degan* opinion in 1996, "[f]ederal courts . . . have required a substantial nexus between a litigant's fugitive status and the issue before the court") (citations omitted).

DOJ has not established the requisite connection between Mr. Lazaridis' fugitive status and these proceedings. Practically all FOIA cases are decided on the papers, and discovery is rare and "usually limited to the adequacy of the agency's search and similar matters." *Voinche v. F.B.I.*, 412 F. Supp. 2d 60, 71 (D.D.C. 2006) (citations omitted); *see Schrecker v. U.S. Dep't of Justice*, 217 F. Supp.2d 29, 35 (D.D.C. 2002) (stating that a discovery motion in a FOIA case "should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains") (citation omitted). Mr. Lazaridis' physical presence therefore is unlikely to be required. Moreover, because FOIA decisions typically turn on the sufficiency of the government's declarations, DOJ would be hard-pressed to assert prejudice based

solely on Mr. Lazaridis' absence from this jurisdiction.[6] *See Daccarett-Gia*, 70 F.3d at 628 (observing that the appellant's "failure to appear in reference to the New Jersey federal indictment has had no institutional effect on the Tax Court [because] [a]ppellant's presence was in no way required at the Tax Court's proceedings"); *id*. at 627, 629 (stating that "mere commonality of subject matter is insufficient" to "give rise to the authority to dismiss the petition" under the fugitive disentitlement doctrine).

In the absence of a demonstrable connection between Mr. Lazaridis' fugitive status and these FOIA proceedings, the Court declines the invitation to apply the fugitive disentitlement doctrine to Mr. Lazaridis. DOJ's Rule 12(b)(6) motion to dismiss therefore will be denied.[7]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the joint motion of NCMEC and ICMEC to dismiss under Rule 12(b)(6) and DOJ's motion to dismiss the claims as to V.L. under Rule

---

[6] DOJ notes that Mr. Lazaridis "recently requested that he be given substantially more time to respond to Defendants' filings just because he is litigating his case from Greece," Mem. of P. & A. in Support of United States Dep't of Justice's Mot. to Dismiss ("DOJ's Mem.") at 19 n.20, but DOJ did not oppose Mr. Lazaridis' motion and has not asserted any prejudice arising from the granting of said motion. Nor could it, given the regularity with which government attorneys seek continuances. DOJ also argues that Mr. Lazaridis' fugitive status would "compromise[]" enforcement of orders, but it refers to potential orders issued in unrelated proceedings in other courts. *Id*. at 19. DOJ does not assert, and the Court does not detect, how Mr. Lazaridis' absence from these proceedings could negatively affect enforcement of this
Court's orders, which would most likely be directed at the agency to, for example, release responsive records.

[7] DOJ indicates that it has processed some of Mr. Lazaridis' requests and "reserves the right to assert [] FOIA exemptions." Def.'s Mem. at 24 n.24. Mr. Lazaridis claims that DOJ has waived the right to assert exemptions, *see* Pl.'s Mem. at 1 n.2, but DOJ has yet to address the merits of the complaint and the resolution of the pending motions does not end the case. *See Maydak v. Dep't of Justice*, 218 F.3d 760, 764 (D.C. Cir. 2000) (reiterating that "as a general rule, [the government] must assert all [FOIA] exemptions at the same time *in the original district court proceedings*") (citations omitted) (emphasis added). The Court therefore finds Mr. Lazaridis' waiver claim to be premature.

12(b)(1), and will deny DOJ's motion to dismiss under Rule 12(b)(6) and Mr. Lazaridis' motion for summary judgment under Rule 56. A separate Order accompanies this Memorandum Opinion.


Date: May 26, 2010 /s/
ROSEMARY M. COLLYER
United States District Judge