IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMANUEL N. LAZARIDIS, individually, and on behalf of V. L., a minor, in his capacity as her legal custodian,  )<br><br>Plaintiffs,  )<br><br>v.  )<br><br>UNITED STATES DEPARTMENT OF JUSTICE, by and through Eric Holder, Attorney General, NATIONAL CENTER FOR MISSING AND EXPLOITED CHILDREN, and INTERNATIONAL CENTRE FOR MISSING AND EXPLOITED CHILDREN,  )<br><br>Defendants.  ) | Case No. 1:09-cv-01177 (RMC)<br><br>MOTION FOR RECONSIDERATION OF THE COURT'S FINDINGS WITH RESPECT TO SUBJECT MATTER JURISDICTION |

## MOTION

The plaintiffs, Emmanuel N. Lazaridis and the minor child V. L. in his sole custody and care, respectfully request that the Court reconsider its decision to treat the first plaintiff as though he were not the "general guardian" or "a like fiduciary" under the law of this District, expressed in its Memorandum Opinion of May 26, 2010, in light of the subsequent June 14, 2010 decision of the Court of Appeal of Lyon, France, and in support of their motion state as follows:

1. In its Memorandum Opinion of May 26, 2010 the Court held that the first plaintiff has not established that he is the second plaintiff's "general guardian" or "a like fiduciary" under District of Columbia law.

- 1 -

**RECEIVED**

JUL - 6 2010

2.  The Court made reference to the first defendant's Memorandum (presumably Dkt. #27), at 3-8, in concluding that the custody dispute over the second plaintiff is of an "unsettled nature".

3.  The Court then applied *Foretich v. Glamour*, 741 F. Supp. 247 (D.D.C. 1990) to conclude that it would be "wholly inappropriate to recognize either parent as an appropriate guardian" for the purpose of resolving this case.

4.  It must be recalled that in *Foretich* the litigation was connected with an ongoing child custody dispute between the parties before the District's courts, whereas in the present case there is no child custody dispute pending before any American court.

5.  The first defendant's Memorandum, in its essence, sought to cast doubt on the effectiveness and enforceability of Greek child custody orders dating from 2005 onwards that declare the first plaintiff to be V. L.'s sole custodial parent, on the basis that there were competing French child custody orders dating from 2004 and 2005 that recognized a similar and contradictory custodial right in the mother of V. L., which French orders had been registered in certain courts of the States of Delaware and Michigan.

6.  However, on June 14, 2010, the Court of Appeal of Lyon, France issued a judgment, <u>attached as Exhibit A</u>, which states in relevant part as follows (original text in italics, with translation into English following each quoted paragraph of the judgment):

    [p. 2] *La Cour, Attendu qu'Emmanuel LAZARIDIS est régulièrement appelant d'un jugement réputé contradictoire du 5 avril 2005...*
    The Court, Considering that Emmanuel LAZARIDIS is properly the appellant of a reputedly adversarial judgment of April 5, 2005...

[p. 5]  *Attendu qu'il est constant que le Tribunal de Grande Instance de LYON a été saisi de la demande en divorce par l'assignation délivrée à Parquet le 27 mai 2004 à la requête de Tina WEHMER épouse LAZARIDIS;*
Considering that it is a fact that the Tribunal de Grande Instance of LYON was seized of the demand in divorce by service upon the Office of the Public Prosecutor on May 27, 2004 at the request of Tina WEHMER spouse of LAZARIDIS;

*Attendu que la Cour ne peut que constater qu'à cette date, aucun des critères de compétence pouvant fonder la saisine de la juridiction française au regard du règlement communautaire précité n'était réalisé puisque les époux n'avaient plus de résidence commune habituelle en France, que le défendeur ne résidait plus dans ce pays et que la demanderesse qui n'est pas française n'avait plus de résidencehabituelle depuis plus d'un an; ...*
Considering that the Court cannot but hold that, at that date, none of the criteria for competence capable of supporting the seizing of French jurisdiction was satisfied, having regard to the aforesaid community rule [EC Regulation 1347/2000], since the spouses did not have a common habitual residence in France any longer, the defendant did not reside any longer in this country and the requestor who is not French no longer had habitual residence during more than one year; ...

*Attendu en conséquence qu'il échet d'infirmer la décision querellée, de déclarer la juridiction française incompétente pour connaître du divorce des époux LAZARIDIS-WEHMER et de dire qu'est compétente pour en connaître la juridiction grecque de première instance d'HERAKLION; ...*
Considering by consequence that it is necessary to invalidate the contested decision, to declare the French jurisdiction incompetent to realise the divorce of the spouses LAZARIDIS-WEHMER and to say that the first instance Greek jurisdiction of HERAKLION is competent to realise it; ...

*Que la juridiction grecque d'HERAKLION a déjà statué sur son sort dans le cadre du litige opposant les parties sur la responsabilité parentale et qu'il est de l'intérêt supérieur de l'enfant d'éviter toute contrariété de décisions à son sujet;*
That the Greek jurisdiction of HERAKLION has already ruled in its turn in the matter of the litigation on parental responsibility concerning the opposing parties and that it is in the superior interest of the child to avoid all contrariety of decisions concerning her;

[p. 6]  *Attendu en conséquence qu'il y a lieu d'infirmer de ce chef egalement, de déclarer incompétente la juridiction française pour statuer sur la responsibilité parentale à l'égard de l'enfant [V. L.] et de dire que la juridiction grecque de première instance d'HERAKLION est compétente pour connaître du litige; ...*
Considering by consequence that there are grounds to invalidate on this head equally,

to declare the French jurisdiction without jurisdiction to rule on parental responsibility regarding the child [V. L.] and to say that the Greek first instance jurisdiction of HERAKLION is competent to resolve the litigation; ...

*Statuant publiquement, contradictoirement, après débats en chambre du conseil et après en avoir délibéré conformément à la loi,*
Ruling publicly, upon adversarial contest, after debates in counsel's chambers and after having deliberated according to the law,

*En la forme, déclare recevables tant l'appel principal que l'appel incident; Au fond, dit le premier seul justifié; Infirme le jugement déféré et le met à néant;*
As to procedure, it accepts both the principal appeal and the incident appeal; As to the essence, it declares only the first party to be justified; Invalidates the judgment under appeal and declares it void;

*Se déclare incompétente pour connaître du divorce des époux LAZARIDIS- WEHMER et de la responsabilité parentale sur l'enfant [V. L.];*
Declares itself without jurisdiction to realise the divorce of the spouses LAZARIDIS-WEHMER and with respect to parental responsibility over the child [V. L.];

*Dit que la juridiction grecque d'HERAKLION est compétente pour statuer sur le divorce des époux LAZARIDIS-WEHMER et sur la responsabilité parentale à l'égard de l'enfant [V. L.]; ...*
States that the Greek jurisdiction of HERAKLION is competent to rule on the divorce of the spouses LAZARIDIS-WEHMER and on parental responsibility with respect to the child [V. L.]; ...

7. The June 14, 2010 French appellate judgment holds that the French courts have been without jurisdiction in the child custody dispute between the parents of V.L. since at least May 27, 2004 and ends with prejudice the child custody case in France.

8. The June 29, 2004 decision of the Court of Appeal of Lyon referred to in the first defendant's Memorandum (at 5) was issued after May 27, 2004. Thus, pursuant to the recent June 14, 2010 French appellate judgment, the June 29, 2004 French decision was issued by a court without jurisdiction in the child custody dispute between V. L.'s parents.

9. The April 5, 2005 decision of the Tribunal of Lyon referred to in the first defendant's Memorandum (at 6) was also issued after May 27, 2004. Thus, the April 5, 2005 French court order was also issued by a court without jurisdiction in the child custody dispute between V. L.'s parents.

10. In *Jones v. Hersh*, 845 A.2d 541, 545 (D.C. 2004) we find the law in this District with respect to judgments such as those issued after May 27, 2004 by the French courts:

> "The concept of void judgments is narrowly construed." 12 MOORE'S FEDERAL PRACTICE § 60.44[1][a]. A judgment must be void, not merely voidable; a judgment is not void merely because it is erroneous. See *Kammerman v. Kammerman*, 543 A.2d 794, 799 (D.C. 1988). Rather, "for 'a judgment to be void under Rule 60 (b)(4), it must be determined that the rendering court was powerless to enter it.'" *Id.* (quoting *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979)). Typically, therefore, "a judgment may be held void only if the court that entered it had no jurisdiction over the parties or the subject matter, . . ., or if the court's action was otherwise so arbitrary as to violate due process of law. . . ." *Kammerman, supra,* 543 A.2d at 799 (citations omitted).

11. Thus, there is no question but that all French orders issued after May 27, 2004 are and were always void. That is to say, all these French orders were void *ab initio*.

12. A void judgment is regarded as a "legal nullity". *See Jones v. Hersh*, 845 A.2d 541, 545 (D.C. 2004); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C. Cir. 1987).

13. All the American court orders referenced in pages 5 to 8 of the Memorandum of the first defendant -- upon which this Court relied in ruling in its May 26, 2010 Memorandum Opinion on its subject matter jurisdiction with respect to the second plaintiff in this case – recognized and even enforced, *per incuriam*, the void judgments of the French courts.

14. However, because the French judgments are now recognized as and declared to be void by

the French appellate court itself, this Court must treat them as legal nullities, and cannot rely upon them in deciding any aspect of this case.

15. The French case is now no longer pending, as it has been dismissed with prejudice in favor of the jurisdiction of the Greek courts of Heraklion.

16. Consequently, there are no competing custody orders to the Greek child custody orders that grant sole custody of the second plaintiff to the first plaintiff, to which child custody orders the mother of V. L. has agreed with a binding personal agreement made before the First Instance Court of Heraklion.

17. The first defendant still objects to a grant of the present motion.

WHEREFORE, for the above reasons, the plaintiffs respectfully request that the Court reconsider its decision to dismiss the claims brought on behalf of the second plaintiff, that it recognize the first plaintiff as her general guardian in law, and that it reinstate the claims brought on her behalf.

Respectfully submitted,

_____  Dated: June 30, 2010

Emmanuel N. Lazaridis            tel: +30 693.902.7351 (Greece)
Smyrnis 14                       fax: +44 (0)131.464.0280 (UK)
71201 Heraklion, Crete
GREECE

## CERTIFICATE OF SERVICE

I, Emmanuel N. Lazaridis, hereby certify that on the 30th day of June 2010, I served the Motion for Reconsideration of the Court's Findings With Respect To Subject Matter Jurisdiction by first-class international mail upon:

Judith A. Kidwell
United States Department of Justice
555 Fourth St., N.W. - Civil Division
Room E-4212
Washington, DC 20530   USA

_____  Dated:  June 30, 2010

Emmanuel N. Lazaridis          tel:  +30 693.902.7351 (Greece)
Smyrnis 14                     fax: +44 (0)131.464.0280 (UK)
71201 Heraklion, Crete
GREECE