UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMANUEL N. LAZARIDIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 09-1177 (RMC) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**U.S. DEPARTMENT OF JUSTICE'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF EMMANUEL N. LAZARIDIS'S
MOTION FOR RECONSIDERATION OF THE
COURT'S MAY 26, 2010 DECISION**

**Preliminary Statement**

Plaintiff, Emmanuel N. Lazaridis, has moved to have the Court reconsider its ruling of May 26, 2010, in which the Court held that he had not established that he was the "general guardian" or "like fiduciary" of Plaintiff V.L. under District of Columbia law.  Mr. Lazaridis seeks to have the Court reinstate the claims he brought on V.L.'s behalf.

As discussed below, the Court properly decided that this is an incorrect forum to be deciding the custody of V.L., particularly in a Freedom of Information Act ("FOIA") case.[1]  Accordingly, Mr. Lazaridis's motion for reconsideration should be denied.

---

[1] As discussed by the Court, the jurisdiction of the Court in a FOIA case extends only to claims arising from the improper withholding of agency records.  *See* Docket No. 38 (Memorandum Opinion at 3).

**ARGUMENT**

**THE COURT'S RULING WAS CORRECT
AND SHOULD NOT BE RECONSIDERED**

The Court correctly held that Mr. Lazaridis lacks standing to sue on V.L.'s behalf because he is neither an attorney nor V.L.'s duly appointed representative as defined by Fed. R. Civ. P. 17(c)(1).  S*ee* 28 U.S.C. § 1654; *see also Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984).   The Court, therefore, lacks jurisdiction over the claims made by Mr. Lazaridis on behalf of V.L.  What is more, nothing which Mr. Lazaridis provides to the Court supports reconsideration of the Court's ruling.

According to Mr. Lazaridis, because a Court in France ruled on June 14, 2010, that it "was without jurisdiction to realise the divorce of the spouses LAZARIDIS-WEHMER and with respect to parental responsibility over the child [V.L.]," [Plaintiff's motion ¶ 6],  he has established that he is V.L.'s guardian under District of Columbia law.   However, neither the part of the French order for which Mr. Lazaridis has provided a translation nor anything else in his motion supports his overreaching legal conclusions.

Moreover, Mr. Lazaridis's argument that "there is no child custody dispute pending before any American court" [Plff. Mot. ¶ 4], is disingenuous given the fact that he knows he has an outstanding felony arrest warrant for kidnapping V.L.  *See Michigan v. Emmanuel Nicholas Lazaridis*, No. 04-28231-FY (October 7, 2004).   Similarly, Mr. Lazaridis's argument that DOJ sought to cast doubt on the Greek orders solely on the basis of the French orders is misplaced.  Plff. Mot. ¶ 5.   DOJ argued that the French orders were part, not all, of an ongoing legal custody matter that should not be decided by this Court in this FOIA action.  *See* Docket No. 27 (DOJ's

Motion to Dismiss at 2-8, 10-11).

More importantly, it should be noted that the Court denied the U.S. Department of Justice's motion to dismiss based on Mr. Lazaridis's fugitive status because "[M]r. Lazaridis's physical presence therefore is unlikely to be required." *See* Docket No. 38, Memorandum Opinion at 8. The Court explained that "[P]ractically all FOIA cases are decided on the papers, and discovery is rare and 'usually limited to the adequacy of the agency's search and similar matters.'" [citations omitted].

However, any ruling on whether Mr. Lazaridis is the proper custodian or guardian of V.L. under District of Columbia law would certainly require discovery and his physical presence at a hearing. It would also dramatically change this case from the usual FOIA action. *See* Docket No. 38, Memorandum Opinion at 8 and Fn 6. Accordingly, Plaintiff's motion for reconsideration should be denied.

## **Conclusion**

For the foregoing reasons, Plaintiff Lazaridis's motion for reconsideration of the Court's May 26, 2010 ruling should be denied.

    Respectfully submitted,

    RONALD C. MACHEN JR.
    United States Attorney
    For the District of Columbia
    D.C. Bar No. 447889

    RUDOLPH CONTRERAS
    Chief, Civil Division
    D.C. Bar No. 434122

By:     /s/
       JUDITH A. KIDWELL
       Assistant United States Attorney
       555 Fourth Street, N.W.-Civil Division
       Room E4212
       Washington, D.C.  20530
       (202) 514-7250
       Judith.A.Kidwell@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that copies of the foregoing Defendant U.S. Department of Justice's Memorandum In Opposition to Plaintiff's Motion for Reconsideration and proposed order were mailed, postage pre-paid, to Emmanuel N. Lazaridis Plaintiff *pro se* on this 8th day of July 2010, to the following address:

Emmanuel N. Lazaridis
LAZARIDIS-KORTJIDAKIS
SMYRNIS 14
71305 HERAKLION, CRETE
GREECE
+30 693-902-7351

                                               /s/
                                       JUDITH A. KIDWELL
                                       ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMANUEL N. LAZARIDIS, *et al.*, | ) |
| Plaintiffs | ) |
| v. | ) Civil Action No. 09-1177 (RMC) |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | ) |
| Defendants. | ) |

## ORDER

UPON CONSIDERATION OF Plaintiff Emmanuel N. Lazaridis's Motion for Reconsideration of the Court's May 26, 2010 ruling, Defendant U.S. Department of Justice's Memorandum in Opposition thereto, any reply and the entire record, it is this _____ day of July, 2010,

**ORDERED**, that Plaintiff's Motion for Reconsideration is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel via ECF

Emmanuel N. Lazaridis
LAZARIDIS-KORTJIDAKIS
SMYRNIS 14
71305 HERAKLION, CRETE
GREECE
+30 693-902-7351