IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMMANUEL N. LAZARIDIS, individually,<br>and on behalf of<br>V. L., a minor, in his capacity as her legal custodian,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br>by and through Eric Holder, Attorney General,<br>NATIONAL CENTER FOR MISSING<br>AND EXPLOITED CHILDREN, and<br>INTERNATIONAL CENTRE FOR MISSING<br>AND EXPLOITED CHILDREN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No. 1:09-cv-01177 (RMC)<br>)<br>)<br>)<br>)  REPLY TO DEFENDANT'S<br>)  OPPOSITION TO PLAINTIFFS'<br>)  MOTION FOR<br>)  RECONSIDERATION OF THE<br>)  COURT'S FINDINGS WITH<br>)  RESPECT TO SUBJECT MATTER<br>)  JURISDICTION<br>)<br>) |

**REPLY**

**RECEIVED**
JUL 19 2010
Clerk, U.S. District and Bankruptcy Courts

Defendant United States Department of Justice ("DOJ") objects to the plaintiffs' Motion for Reconsideration, primarily on the basis that "the jurisdiction of the Court in a FOIA case extends only to claims arising from the improper withholding of agency records". DOJ Memo. Opp., Dkt. #43, at 1. However, if the first plaintiff can establish that his relationship with the second plaintiff is recognizable under the law of this District as equivalent to that of a "general guardian" or "like fiduciary", then the Court has jurisdiction to consider the second plaintiff's claim that the DOJ improperly withheld her records as well as those of the first plaintiff. Thus, as properly distinguished by the Court in its May 26, 2010 decision, the question of the first

plaintiff's authority is solely a question relating to the jurisdiction of the Court to entertain the second plaintiff's claim, and not an FOIA question at all. The Court is required to entertain determinative questions pertaining to its statutory jurisdiction when they cannot be avoided. *Sierra Club v. Morton*, 405 U.S. 727, 732 (1972) ("Where ... Congress has authorized public officials to perform certain functions according to law, and has provided by statute for judicial review of those actions under certain circumstances, the inquiry as to standing must begin with a determination of whether the statute in question authorizes review at the behest of the plaintiff.") Consideration of the question of the Court's jurisdiction certainly does not "dramatically change this case from the usual FOIA action". DOJ Memo. Opp., Dkt. #43, at 3.

The DOJ's reference to *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984), a case where a mother sought to be represented by her non-attorney son in a dispute over attorney fees also involving her son, is far off point.

The claim that the first plaintiff is the second plaintiff's sole custodial parent and full legal guardian is properly before this Court. Complaint, Dkt. #1, ¶¶ 38-43, 45-52. The DOJ has not responded to the Complaint. Following the June 14, 2010 decision of the French appellate court, paragraph 44 of the Complaint no longer applies, and there is no longer the slightest uncertainty as to the nature and extent of parental authority vested in the first plaintiff.

The DOJ argues that the first plaintiff is being disingenuous when he asserts that there is no child custody dispute before any American court because "he knows he has an outstanding felony arrest warrant for kidnapping V.L.". However, it is the DOJ that is being disingenuous.

Even if the Michigan warrant referred to by the DOJ were for an act of "kidnapping", the mere existence of such a warrant does not imply an ongoing child custody dispute, or even that a child custody order is being enforced. *People v. McBride*, 516 NW.2d 148 (1994) (Mich. App. 1994) ("A prosecution for parental kidnapping is not an action for enforcement of a custody order."). Indeed, FOIA materials provided to the first plaintiff since this Court's May 26, 2010 ruling demonstrate that the DOJ knows that no warrant for kidnapping against the first plaintiff was ever brought. *See* the December 9, 2003 FBI Report, attached as **Exhibit 1** ("Detective [Donker] met with the Ottawa County Prosecutor regarding possible criminal charges against Emmanuel Lazaridis for interfering with parental custody. Detective [Donker] advised that Ottawa County would not seek criminal charges due to lack of evidence."). To the extent that the first plaintiff is charged with "interfering with parental custody" established by French orders, the recent French ruling exposed the Michigan warrant for the blatant attempt at child-grabbing that it really is by finding that European jurisdiction over the child custody matter always lay with the courts of Heraklion that have explicitly recognized and supported the first plaintiff's full custody and guardianship of V. L. since 2005 continually. Complaint, Dkt. #1, ¶¶ 42, 46, 48, 52.

The DOJ is also aware that there are no "ongoing legal custody" actions outside the Heraklion jurisdiction, which has assigned guardianship over the second plaintiff to the first plaintiff exclusively. It can no longer point to any competing child custody action in any other forum that could be the basis of any uncertainty with respect to the first plaintiff's guardianship status. *See* DOJ Mot. to Dismiss, Dkt. #27, at 2-8, 10-11; *c.f.*, DOJ Opp., Dkt. #43, at 2.

Finally the DOJ makes an unsupported allegation that "any ruling on whether Mr. Lazaridis is the proper custodian or guardian of V.L. Under District of Columbia law would certainly require discovery and his physical presence at a hearing". However, the DOJ provides no indication of why either plaintiff's presence would be required. The first plaintiff's custodial status with respect to the second plaintiff is based entirely on effective <u>written orders of a foreign court</u> with indisputable jurisdiction over matters related to the custody of the second plaintiff and minor child. Thus, the question is entirely capable of being "decided on the papers". The DOJ does not even need discovery because it already possesses the relevant written court orders confirming the first plaintiff's custodial parental status!

WHEREFORE, for the above reasons and for those recited in the plaintiffs' original motion under consideration, the plaintiffs respectfully request that the Court reconsider its decision to dismiss the claims brought on behalf of the second plaintiff, that it recognize the first plaintiff as her general guardian in law, and that it reinstate the claims brought on her behalf.

Respectfully submitted,

_____ Dated: July 15, 2010

| | |
|---|---|
| Emmanuel N. Lazaridis | tel: +30 693.902.7351 (Greece) |
| Smyrnis 14 | fax: +44 (0)131.464.0280 (UK) |
| 71201 Heraklion, Crete | |
| GREECE | |

## CERTIFICATE OF SERVICE

I, Emmanuel N. Lazaridis, hereby certify that on the 15th day of July 2010, I served the

Reply To Defendant's Opposition To Plaintiffs' Motion for Reconsideration of the Court's

Findings With Respect To Subject Matter Jurisdiction by first-class international mail upon:

Judith A. Kidwell
United States Department of Justice
555 Fourth St., N.W. - Civil Division
Room E-4212
Washington, DC 20530  USA


_____   Dated:  July 15, 2010

Emmanuel N. Lazaridis          tel:  +30 693.902.7351 (Greece)
Smyrnis 14                     fax: +44 (0)131.464.0280 (UK)
71201 Heraklion, Crete
GREECE

# EXHIBIT A

(Rev. 01-31-2003)

343SP04.EC

# FEDERAL BUREAU OF INVESTIGATION

Precedence: ROUTINE                              Date: 12/09/2003

To: Detroit                    Attn: SSRA [redacted]           b6 -1
                                                                b7C -1
From: Detroit
      GRRA
        Contact: SA [redacted]

Approved By: [redacted]                                         b2 -1
                                                                b6 -1
Drafted By: [redacted] sp  (343sp04.ec)                         b7C -1

Case ID #: 7B-DE-95297    (Closed)

Title: EMMANUEL NICHOLAS LAZARIDIS;
       INTERNATIONAL PARENTAL KIDNAPPING
       CRIME ACT OF 1993

Synopsis: Request that case be closed based upon AUSA
declination.
                                                                b6 -3
                                                                b7C -3
Enclosure(s): Documents provided by [redacted] and              b7D -1
documents provided by [redacted]

Details: Investigation was initiated based on a complaint
received by [redacted]                                          b6 -3
                                                                b7C -3
that [redacted] was illegally taken outside the United States   b7D -1
after [redacted] Emmanuel Lazaridis, obtained temporary custody
of the child from Ottawa County Circuit Court Judge Mark A.
Feyen. After Judge Feyen's granting of temporary custody to
Emmanuel Lazaridis, Judge Feyen issued an order prohibiting
Emmanuel Lazaridis from removing the child from the U.S.
Emmanuel Lazaridis moved his child back to their home in Lyon,
France, in December 2002, in spite of the Judge's order.

   Emmanuel Lazaridis subsequently filed a Hague
Convention Petition in U.S. District Court for the District of
Delaware. Lazaridis also requested, through his attorney, that
all pending matters in Michigan be stopped, pending the outcome
of the Hague Convention proceeding in Delaware. On 05/07/2003,
the U.S. District Court Judge dismissed Lazaridis' Hague
Convention Petition for lack of jurisdiction.

   On 09/29/2003, Ottawa County Circuit Court Judge Feyen
ruled that his court lacked jurisdiction in the child custody
dispute, since the father Emmanuel Lazaridis first filed for
divorce in France (which includes any child custody issues).

Lazaridis-11

7A-DE-95297-3

To: Detroit   From: Detroit
Re: 7B-DE-95297, 12/09/2003

a result, the proper jurisdiction for the child custody dispute remains with authorities in France.

     AUSA [       ] Western District of Michigan, was consulted about this matter and provided with documents consisting of the various court findings in the child custody dispute. After AUSA [     ] reviewed the documents and researched the matter, he concluded that there were no criminal violations and the matter should be pursued civilly by exhausting remedies under the Hague Convention Act and working with Department of State or through the French judicial system. AUSA [     ] issued his written opinion on the matter in a letter to writer dated 12/01/2003. This letter will be made a part of the file.     b6 -6, b7C -6

     Detective [       ] Ottawa County Sheriff's Department, was contacted about the child custody matter concerning [       ] Detective [     ] confirmed that he has investigated the matter and was familiar with Judge Feyen's rulings. Detective [     ] met with the Ottawa County Prosecutor regarding possible criminal charges against Emmanuel Lazaridis for interfering with parental custody. Detective [     ] advised that Ottawa County would not seek criminal charges due to lack of evidence. Copies of Ottawa County incident reports (2002- 11040128, 2003-01060112) are attached to this EC.    b6 -2,4, b7C -2,4

     The following is a summary list of documents provided to SA [       ] by [       ]    b6 -1,3, b7C -1,3, b7D -1

1. Declaration of Matt Neiderman which includes:

    - Ex-Parte Order prohibiting transport of child outside the United States, dated 11/15/2002, signed by Ottawa County Circuit Court Judge.
    - Copy of passport application for [     ] Lazaridis.
    - Plaintiff's (Emmanuel Lazaridis) objections to 11/15/2002 Ex-Parte Order prohibiting transport of child outside of the United States, dated 11/26/2002.    OTHER FRCP 5.2/L.R. 5.4(f)(2)
    - U.S. Airways Flight manifest for Flight 26 on 12/01/2002.
    - Petition for order directing return of minor child to France (Hague Convention Petition).
    - New Castle County Police Department Report, dated 01/17/2003, complaint #32-03-005801.
    - Memorandum Order by U.S. District Court for District of Delaware (Civil Action No. 02-1681-SLR), dated 05/07/2003, dismissing Hague Convention Petition.

2

Lazaridis-12

To: Detroit   From: Detroit
Re: 7B-DE-95297, 12/09/2003

- Ex-Parte Order for Change of Custody by Judge Feyen, Ottawa County Circuit Court, dated 06/06/2003.
- Opinion and order by Judge Feyen, Ottawa County Circuit Court, dated 09/29/2003, dismissing child custody proceeding for lack of jurisdiction.

On 12/02/2003, [_____] was advised that the United States Attorney's Office declined to pursue criminal charges against Emmanuel Lazaridis and as a result the FBI would not be conducting any further investigation of this matter.  b6 -2,6
[_____] was advised to pursue the matter with the U.S. State  b7C -2,6
Department or the French judicial system. A copy of
AUSA [_____] letter of declination was facsimiled to
[_____] on 12/02/2003.

Inasmuch as AUSA [_____] has declined criminal
prosecution and Ottawa County will not be seeking criminal    b6 -6
charges or assistance from the FBI, it is recommended that this  b7C -6
case be closed.

♦♦

Lazaridis-13

3