# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| **EMMANUEL N. LAZARIDIS**, *et al.*, | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | Civil Action No. 09-1177 (RMC) |
| **UNITED STATES DEPARTMENT OF JUSTICE**, *et al.*, | ) | |
| **Defendants.** | ) | |

---

## UNITED STATES DEPARTMENT OF JUSTICE'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
## THE EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS

Defendant, the United States Department of Justice, through undersigned counsel,

respectfully moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for

partial summary judgment as to the Executive Office for United States Attorneys ("EOUSA"), on

the grounds that no genuine issue of material fact exists and that Defendant is, therefore, entitled

to partial judgment as a matter of law.  In support of its motion, Defendant submits the attached

Memorandum of Points and Authorities and the Declaration and Supplemental Declaration of

Dione Jackson Stearns, EOUSA.  The Declaration of Kristina Zelasko, United States Attorney's

Office for the Western District of Michigan is attached as Exhibit J to Ms. Sterns's Declaration.

A proposed order is attached.

*Pro se* Plaintiff Emmanuel N. Lazaridis, will please take note that the assertions

contained in the accompanying  attachments in support of Defendant's motion will be accepted

by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence

contradicting the assertions in Defendant's declarations and attachments.  *See Neal v. Kelly*, 963

F.2d 453, 456 (D.C. Cir. 1992), and Local Rule 7(h).  Furthermore, Rule 56(e) of the Federal

Rules of Civil Procedure provides that:

> A supporting or opposing affidavit must be made on personal knowledge, set out
> facts that would be admissible in evidence, and show that the affiant is competent
> to testify on the matters stated.  If a paper or part of a paper is referred to in an
> affidavit, a sworn or certified copy must be attached to or served with the
> affidavit.  The court may permit an affidavit to be supplemented or opposed by
> depositions, answers to interrogatories, or additional affidavits.
>
> When a motion for summary judgment is properly made and supported, an
> opposing party may not rely merely on allegations or denials in its own pleading;
> rather, its response must–by affidavits or as otherwise provided in this rule–set out
> specific facts showing a genuine issue for trial.  If the opposing party does not so
> respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

Because this is a dispositive motion, Defendant has not sought Plaintiff Emmanuel N.

Lazaridis's consent before filing.  *See* LCvR 7(m).

                                        Respectfully submitted,

                                        RONALD C. MACHEN JR.
                                        United States Attorney
                                        For the District of Columbia
                                        D.C. Bar No. 447889

                                        RUDOLPH CONTRERAS
                                        Chief, Civil Division

                        By:             _____/s/_____
                                        JUDITH A. KIDWELL
                                        Assistant United States Attorney
                                        555 Fourth Street, N.W.-Civil Division
                                        Room E4212
                                        Washington, D.C.  20530
                                        (202) 514-7250
                                        Judith.A.Kidwell@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**EMMANUEL N. LAZARIDIS,** *et al.*,    )
                                        )
        **Plaintiffs,**    )
                                        )
    **v.**                )     **Civil Action No. 09-1177 (RMC)**
                                        )
**UNITED STATES DEPARTMENT OF**         )
**JUSTICE,** *et al.*,                  )
                                        )
        **Defendants.**    )
_____ )

## STATEMENT OF MATERIAL FACTS AS TO
## WHICH THERE IS NO GENUINE ISSUE

Pursuant to LCvR 7(h), Defendant, United States Department of Justice ("DOJ"), hereby submits the following Statement of Material Facts As To Which There Is No Genuine Issue. This statement is supported by the Declarations of Dione Jackson Stearns, Executive Office for United States Attorneys ("EOUSA") ("Stearns Decl.") and Kristina Zelasko, United States Attorney's Office for the Western District of Michigan ("Zelasko Decl."), which is attached as Exhibit J to Ms. Sterns declaration.

1.      By letter dated August 22, 2005. Plaintiff Emmanuel N. Lazaridis ("Mr. Lazaridis"), submitted a request to the United States Attorneys Office for the Western District of Michigan ("WDMI").  Stearns Decl. ¶ 5.  He sought a fee waiver, expedited review, and access to his own records and those of his daughter, V.L.  *Id.*

2.      By letter dated October 12, 2005, EOUSA acknowledged Mr. Lazaridis's request and assigned request No. 05-2686 to the part of his request for his own records.  Stearns Decl. ¶ 7.  EOUSA advised him that his request for expedited treatment of his request was not

warranted and denied his request.  *Id*.

3.      In keeping with EOUSA's standard procedures, by letter dated October 14, 2005, EOUSA advised Mr. Lazaridis that it had received his Freedom of Information Act ("FOIA"), and Privacy Act ("PA") request and that No. 05-2687 had been assigned to the request for the third-party records of his daughter.  Stearns Decl. ¶¶ 6, 8.  Because Mr. Lazaridis had not provided EOUSA with a consent form, proof that the third-party was deceased, or a clear demonstration that the public interest in disclosure outweighed the personal privacy interest of his daughter, EOUSA provided Mr. Lazaridis with a consent form and closed his request for his daughter's records.  Stearns Decl. ¶ 8.

4.      Upon receipt of Mr. Lazaridis's FOIA/PA request, the USAO-WDMI conducted a systematic search to determine the location of any and all files relating to Mr. Lazaridis.  Stearns Decl. ¶ 17, Exhibit J (Zelasko Decl.).  The computer tracking system, the Legal Information Network System ("LIONS"), was used to determine all possible locations of responsive files.  *Id*. The USAO-WDMI used Mr. Lazaridis's name and similar sounding names to search the LIONS database.  *Id*.  The USAO-WDMI also searched the Criminal Files Index and requested that all of the Criminal Assistant U.S. Attorneys search their files for responsive records.  *Id*.   The only responsive records located were in Mr. Lazaridis's criminal file.  *Id*.

5.      By letter dated May 23, 2006, EOUSA responded to Mr. Lazaridis's request for his own records and advised him that the records he sought were located in a Privacy Act system of records which were exempt from the access provisions of the Privacy Act.  Stearns Decl. ¶ 9; *See* 28 C.F.R.§ 16.81.   EOUSA also advised him that EOUSA had invoked FOIA Exemptions 3, 5, 7(A), and 7(C), and Rule 6(e) of the Federal Rules of Criminal Procedure to withhold records.

2

Sterms Decl. ¶ 9.

6.      Mr. Lazaridis appealed EOUSA's action to the Office of Information Policy

("OIP"), formerly known as the Office of Information and Privacy.  Sterns Decl. ¶¶ 9-10.   In a

letter dated July 12, 2006, OIP acknowledged the appeal and assigned it No. 06-2464.  Stearns

Decl. ¶ 11.

7.      By letter dated October 19, 2006, OIP advised Mr. Lazaridis that because he was a

fugitive from justice, he was not entitled to make a FOIA request or appeal if the requested

records related to his fugitive status.  Stearns Decl. ¶ 12.  OIP closed Mr. Lazaridis's appeal file.

*Id.*

8.      After the Court's May 26, 2010 decision, the USAO-WDMI sent EOUSA 111

pages of records responsive to Mr. Lazaridis's FOIA request.  Stearns Decl. ¶ 14.  The USAO-

WDMI also located 14 pages of state records and 185 pages of grand jury records.  Sterns Decl.

Fn. 1.

9.      By letter dated July 2, 2010, EOUSA advised Mr. Lazaridis that 19 pages of

records were being released to him in part, 13 pages were being released in full, and 244 pages

were being withheld in full pursuant to FOIA Exemptions 3, 5, 6, 7(C), Rule 6(e) of the Federal

Rules of Criminal Procedure and 5 U.S.C. § 552a (j)(2).  Stearns Decl. ¶ 15.  EOUSA advised

Mr. Lazaridis that 4 pages of the records located were duplicates and 3 pages were non-

responsive.  *Id*.  EOUSA's letter also advised Mr. Lazaridis that 13 pages of records which had

originated with the Federal Bureau of Investigation had been referred to that federal agency for

review and direct response.  *Id*.  EOUSA advised Mr. Lazaridis that there were public records

with the Clerk of the Court which could be obtained upon specific request.  *Id*.

10.     The USAO-WDMI's Criminal Case Files and Administrative File System are Privacy Act Systems of Records.  Stearns Decl. ¶ 19.  The Attorney General has promulgated regulations at 28 C.F.R. § 16.81 (2007), exempting these records from the Privacy Act's access provisions pursuant to 5 U.S.C. § 552a(j)(2).  *Id.*

11.     EOUSA invoked FOIA Exemption 3 and Rule 6(e) of the Federal Rules of Criminal Procedure to withhold 185 pages of transcripts of grand jury testimony.  Stearns Decl. ¶¶ 21-24; Exhibit I (Vaughn Index).

12.     EOUSA invoked FOIA Exemption 5 to withhold privileged documents, consisting of attorney work-product and records or information reflecting deliberative process. Stearns Decl. ¶ 25.  *Id.*   Specifically, EOUSA invoked FOIA Exemption 5 to withhold:

(a)   20 pages in full and part of another page of an attorney's draft summary of litigation withheld under the attorney work-product and deliberative process privilege;

(b)   The attorney's hand-written notes were withheld as attorney work-product on Document 7, which was a one-page letter dated October 3, 2005 to AUSA Michael MacDonald from attorney James S. Brady; and

(c)   Document 32 in full, consisting of an undated one-page attorney draft of the chronology of a case.

Sterns Decl., Exhibit I (Vaughn Index).

13.     EOUSA invoked FOIA Exemptions 6 and 7(C) to withhold all responsive records pertaining to third parties involved in Lazaridis's criminal investigation.  Sterns Decl. ¶¶ 29-31, 34-40.

14.     EOUSA conducted a reasonable search for responsive records.  Sterns Decl. ¶ 17;

Exhibit J.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney
For the District of Columbia
D.C. Bar No. 447889


RUDOLPH CONTRERAS
Chief, Civil Division


By:        /s/
           JUDITH A. KIDWELL
           Assistant United States Attorney
           555 Fourth Street, N.W.-Civil Division
           Room E4212
           Washington, D.C.  20530
           (202) 514-7250
           Judith.A.Kidwell@usdoj.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| **EMMANUEL N. LAZARIDIS**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **Civil Action No. 09-1177 (RMC)** |
| | ) |
| **UNITED STATES DEPARTMENT OF** | ) |
| **JUSTICE**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT UNITED STATES DEPARTMENT OF JUSTICE'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
THE EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**

**Preliminary Statement**

The complaint in this case was filed by Plaintiff, Emmanuel N. Lazaridis ("Mr.

Lazaridis"), on behalf of himself and his minor child, V.L., naming as Defendants the U.S.

Department of Justice ("DOJ"), the National Center for Missing and Exploited Children, and the

International Centre for Missing and Exploited Children (hereafter "non-federal defendants").

Complaint ("Compl.") ¶¶ 4-6. Mr. Lazaridis raised numerous claims and sought various relief,

including relief under the Freedom of Information Act ("FOIA").[1]

On May 26, 2010, the Court granted the non-federal defendants' motion to dismiss them

from this action. *See* Docket No. 38, Memorandum Opinion. Additionally, the Court ruled that

---

[1] Mr. Lazaridis also sought to have himself declared the proper custodian of V.L. and to
have the Court declare that he is not a fugitive.

it lacked jurisdiction over certain claims concerning V.L.  *Id.*[2]

The claims still at issue are Mr. Lazaridis's claims pertaining to his 2005 FOIA and Privacy Act ("PA"), requests for his own records to three DOJ components, the Executive Office for the United States Attorneys ("EOUSA"), the United States National Central Bureau of INTERPOL and the Federal Bureau of Investigation.  Compl. ¶¶ 9-14.   DOJ now moves for partial summary judgment as to EOUSA's response to Mr. Lazaridis's FOIA/PA request on the grounds that EOUSA:  (1) conducted reasonable searches for records responsive to Mr. Lazaridis's 2005 request; (2)  released records to Mr. Lazaridis in response to his request; and (3) properly invoked the FOIA exemptions discussed below to withhold records or information from Mr. Lazaridis.  Accordingly, Defendant DOJ should be granted partial summary judgment with respect to EOUSA's response to Mr. Lazaridis's FOIA/PA request.

## STATEMENT OF FACTS

Defendant DOJ's Statement of Material Facts As To Which There Is No Genuine Issue sets forth the relevant facts which are hereby incorporated.

## ARGUMENT

## I.  STANDARDS OF REVIEW

### A.    Motion for Summary Judgment Under Rule 56

Summary judgment is the routine method for resolving most FOIA actions when there are no material facts genuinely at issue.  *See Alyeska Pipeline Serv. Co. v. EPA*, 856 F.2d 309, 313-14 (D.C. Cir. 1988); *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

---

[2] Mr. Lazaridis has moved for reconsideration of the Court's decision concerning his representation of his daughter in this action.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To determine which facts are material, the Court must look to the substantive law on which each claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether there exists a genuine issue of material fact sufficient to preclude summary judgment, the Court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor.  *Id.*, at 255.  A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of his position.  *Id.* at 252.

## B.    Summary Judgment In FOIA Cases

For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to *de novo* review by the Courts.  *See* 5 U.S.C. § 552(a)(4)(B); *King v. U.S. Dep't of Justice*, 830 F.2d 210, 217 (D.C. Cir. 1987); *Hayden v. National Security Agency Cent. Sec. Serv.*, 608 F.2d 1381, 1384 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980).  In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and, if applicable, that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure.  *Students Against Genocide v. Dept. of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dept. of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980).

Summary judgment may be granted to an agency in a FOIA case solely on the basis of agency affidavits or declarations if the "affidavits [or declarations] are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of the agency.'"  *McGhee v. Central Intelligence Agency*, 697 F.2d 1095, 1102 (D.C. Cir. 1983); *see also Military Audit Project v. Casey*, 656 F.2d at  738; *Hayden v. National Security Agency Cent. Sec. Serv*., 608 F.2d at 1387.

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and a plaintiff with affidavits or declarations which show that the documents are exempt from disclosure.  *Summers v. Dep't of Justice,* 140 F.3d 1077, 1080 (D.C. Cir. 1998); *Military Audit Project v. Casey*, 656 F.2d at 738; *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) (fashioning what is now commonly referred to as a "*Vaughn* index").  Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents."  *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal citation and quotation omitted). The Court may award summary judgment solely based on the information provided in affidavits or declarations when they describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d at 738; *accord Campbell v. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998) (quoting *King v. Dep't of Justice*, 830 F.2d at 217); *Vaughn v. Rosen*, 484 F.2d at 826.

As discussed below and supported by the Declarations of Dione Jackson Stearns and

Kristina Zelasko, EOUSA properly invoked FOIA Exemptions 3, 5, 6 and 7(C), and 5 U.S.C.

§ 552a(j)(2), to withhold information and records from Mr. Lazaridis and deny him access to

records.  As to EOUSA, DOJ is, therefore, entitled to summary judgment as a matter of law.

## II.   EOUSA CONDUCTED REASONABLE SEARCHES FOR RESPONSIVE RECORDS

In responding to a FOIA request, an agency is under a duty to conduct a reasonable search

for responsive records.  *Oglesby v. U.S. Dept. of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990);

*Weisberg v. U.S. Dept. of Justice*, 705 F.2d 1344, 1352 (D.C. Cir. 1983).  This "reasonableness"

standard focuses on the method of the search, not its results, so that a search is not unreasonable

simply because it fails to produce relevant material.  *Id.* at 777 n.4.  An agency is not required to

search every record system, but need only search those systems in which it believes responsive

records are likely to be located.  *Oglesby v. U.S. Army*, 920 F.2d at 68.  Simply stated, the

adequacy of  the search is "dependent upon the circumstances of the case."  *Truitt v. Dept. of

State*, 897 F.2d 540, 542 (D.C. Cir. 1990).

The search standards under FOIA do not place upon the agency a requirement that it prove

that all responsive documents have been located.  *Nation Magazine v. U.S. Customs Serv.,* 71 F.3d

885, 892 n.7 (D.C. Cir. 1995).  It has been held that " 'the search need only be reasonable; it does

not have to be exhaustive.' "  *Miller v. Dept. of State*, 779 F.2d 1378, 1383 (8th Cir. 1985) (citing

*National Cable Television Association v. FCC*, 479 F.2d 183, 186 (D.C. Cir. 1973).  Even when a

requested document indisputably exists or once existed, summary judgment will not be defeated

by an unsuccessful search for the document so long as the search was diligent.  *Nation Magazine

v. U.S. Customs Serv.,* 71 F.3d at 892 n.7.  Additionally, the mere fact that a document once

existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. *Maynard v. CIA*, 986 F.2d 546, 564 (1st Cir. 1993).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Army*, 920 F.2d at 68; *see SafeCard Servs. v. SEC*, 926 F.2d at 1201. "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." *Miller v. Dept. of State,* 779 F.2d at 1383; *Goland v. CIA,* 607 F.2d 339, 352 (D.C. Cir. 1978). Though the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" *Carney v. Dept. of Justice*, 19 F.3d 807, 812 (2d Cir. 1994), *cert. denied*, 513 U.S. 823 (1994) *(quoting SafeCard Servs. v. SEC*, 926 F.2d at 1200), the burden rests with the agency to demonstrate the adequacy of its search. Once the agency has met this burden through a showing of convincing evidence, the burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. *Miller v. Dept. of State,* 779 F.2d at 1383. A requester may not rebut agency affidavits with purely speculative allegations. *See Carney v. Dept. of Justice*, 19 F.3d at 813; *SafeCard v. SEC,* 926 F.2d at 1200; *Maynard v. CIA*, 986 F.2d 547, 559-560 (1st Cir. 1993). The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." *Steinberg v. Dept. of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) *(quoting Weisberg v. Dept. of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

Upon receipt of Mr. Lazaridis's FOIA/PA request, the USAO-WDMI conducted a

systematic search to determine the location of any and all files relating to him. Sterns Decl. ¶ 17,

Exhibit J (Declaration of Kristina Zelasko).  The computer case tracking system, the Legal

Information Office Network System ("LIONS"), was used to determine all possible locations of

responsive files.  *Id.*  In searching the LIONS database for retrieval of information the defendant's

name, USAO file jacket number, and the district court case number can be used as search terms.

*Id*.

        In this case, the USAO-WDMI used the name "Lazaridis" and names that sound similar to

Lazaridis to search the LIONS database.  *Id.*  After completing the computer search to determine

all possible record locations in the Criminal and/or Civil Divisions, Kristina Zelasko, the FOIA

Contact for USAO-WDMI searched the Criminal Files Index and requested that all of the

Criminal Assistant U.S. Attorneys ("AUSA") determine if they maintain any responsive files.  *Id*.

The only responsive records located in the USAO WDMI were contained in Mr. Lazaridis's

USAO-WDMI criminal file.  *Id*

### III.  EOUSA PROPERLY INVOKED FOIA EXEMPTIONS 3, 5, 6 & 7(C) TO WITHHOLD CERTAIN INFORMATION FROM PLAINTIFF

        As explained below, EOUSA properly withheld documents responsive to Mr. Lazaridis's

FOIA requests in full or in part pursuant to FOIA Exemptions 3, 5, 6, and 7(C).  These records

were withheld as described below.

#### A.  Exemption 3

Exemption 3 of the FOIA allows an agency to withhold information prohibited from

disclosure by another statute if that statute:

> (A) requires that the matters be withheld from the public in such a manner as to
> leave no discretion on the issue, or (B) establishes particular criteria for

withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3).  It is well-settled that Federal Rule of Criminal Procedure 6(e), which

provides for the secrecy of the grand jury, properly falls within the ambit of FOIA's Exemption 3.

*Lopez v. Dept. of Justice*, 393 F.3d 1345, 1349 (D.C. Cir. 2005); *Senate of the Commonwealth of*

*Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987); *Fund for Constitutional*

*Government v. Nat'l Archives and Records Service*, 656 F.2d 856, 867-68 (D.C. Cir. 1981).

Once an agency establishes that a statute falls within the ambit of Exemption 3, it must

also establish that the records in question fall within the withholding provision of the

nondisclosure statute.  *Fund for Constitutional Govt. v. National Archives & Records Serv.*, 656

F.2d at 866-69.

However, Rule 6(e) does not to create a *per se* prohibition against disclosure of any and all

information which has reached the grand jury chambers, but protects information, which, if

disclosed, would "tend to reveal some secret aspect of the grand jury's investigation, such matters

as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the

investigation, the deliberations or questions of jurors, and the like."  *Senate of the Commonwealth*

*of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d at 582 (quoting *SEC v. Dresser Indus., Inc.*, 628

F.2d 1368, 1382 (D.C. Cir. 1980) (*en banc*).  An agency must establish a nexus between the

release of the information and the divulgence of a protected aspect of the grand jury's

investigation in order to invoke Exemption 3.  *Senate of the Commonwealth of Puerto Rico v. U.S.*

*Dep't of Justice*, 823 F.2d at 584.

Here, EOUSA invoked FOIA Exemption 3 to withhold 185 pages of grand jury transcripts

because this information would reveal the scope and direction of grand jury proceedings.  Sterns

8

Decl. ¶ 22, Exhibit I, Documents 33-35.[3]   Disclosure of this information would reveal the

identifies of the witnesses and the substance of their testimony, the very material which Rule 6(e)

protects.  *See Dipietro v. Executive Office for U.S. Attorneys*, 357 F. Supp.2d 177, 183 (D.D.C.

2004).

### B.  Exemption 5

Exemption 5 allows an agency to withhold "inter-agency or intra-agency memorandums or

letters which would not be available by law to a party other than an agency in litigation with the

agency."  5 U.S.C. § 552(b)(5).   To qualify under this exemption, a document must "fall within

the ambit of a privilege against discovery under judicial standards that would govern litigation

against the agency that holds it."  *Dep't of the Interior v. Klamath*, 532 U.S. 1, 7-8 (2001).

This exemption applies to materials that are privileged in civil discovery, including documents

protected by the attorney-work product privilege and the deliberative process privilege.  *See NLRB*

*v. Sears Roebuck & Co.*, 421 U.S. 132, 149 (1975).   Of the litigation privileges generally

available to EOUSA, the deliberative process privilege and the attorney work-product privilege

are applicable to Mr. Lazaridis's FOIA request.  EOUSA asserted FOIA Exemption 5 to withhold

document 1 (consisting of a 19-page attorney litigation summary), and document 32 (consisting of

an attorney's undated one-page chronology of a case), and to withhold, in part, document 7

(attorney's handwritten notes on a one-page letter).

### 1.  <u>The Deliberative Process Privilege</u>

Documents are covered by the deliberative process when they "reflect [ ] advisory

---

[3] As discussed in Section III, C *infra*, EOUSA also invoked FOIA Exemption 7(C) with respect to the withholding in full of these documents because of third-party privacy interests.

opinions, recommendations and deliberations comprising part of a process by which governmental

decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 150.  The

inclusion of this privilege in the FOIA's exemptions "reflect[s] the legislative judgment that the

quality of administrative decision-making would be seriously undermined if agencies were forced

to 'operate in a fishbowl' because the full and frank exchange of ideas on legal or policy matters

would be impossible." *Tax Analysts v. IRS*, 117 F.3d 607, 617 (D.C. Cir. 1997).

　　　To qualify for the deliberative process privilege, a record must satisfy certain

requirements.  It must be "inter-agency or intra-agency," 5 U.S.C. § 552(b)(5), that is, "its source

must be a Government agency" *Department of the Interior v. Klamath,* 532 U.S. at 1.

Additionally, the record must be "pre-decisional," *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir.

1997), and it must be "deliberative." *Id.*   To establish that a record or document is pre-decisional,

the agency need not point to an agency final decision, but merely establish what deliberative

process is involved, and the role that the documents at issue play in that process." *Judicial Watch

v. Export-Import Bank,* 108 F.Supp.2d 19, 35 (D.D.C. 2000) (citation omitted).  Moreover, a

document which is created after the decision at issue can still be "pre-decisional" if it

memorializes protected pre-decisional communications.  *See Appleton v. FDA*, 451 F.Supp.2d

129, 144 n. 9 (D.D.C. 2006) (protecting "memorialization" of discussions subject to the

deliberative process privilege).

　　　A record is "deliberative" when "it reflects the give-and-take of the consultative process."

*Wolfe v. Department of Health and Human Services*, 839 F.2d 768, 774 (D.C. Cir. 1988) (citation

and internal quotation marks omitted) (*en banc*).  Deliberative documents frequently consist of

"advisory opinions, recommendations, and deliberations comprising part of a process by which

governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 150. Thus, the exemption covers recommendations, draft documents, proposals, analyses, suggestions, discussions, and other subjective documents that reflect the give-and-take of the consultative process. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).

Moreover, "[T]here should be considerable deference to the [agency's] judgment as to what constitutes . . . 'part of the agency give-and-take - of the deliberative process - by which the decision itself is made.'" *Chemical Mfrs. Ass'n v. Consumer Prod. Safety Comm'n*, 600 F. Supp. 114, 118 (D.D.C. 1984) (quoting *Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C. Cir. 1975). The agency is best situated "to know what confidentiality is needed 'to prevent injury to the quality of agency decisions.'" *Chemical Mfrs. Ass'n* , 600 F.Supp. at 118 (quoting *NLRB v. Sears, Roebuck & Co.,* 421 U.S. at 151).

EOUSA invoked Exemption 5 and the deliberative process privilege to withhold document 1 in full because this 19-page summary contained information reflecting the deliberative process of the USAO-WDMI, federal agencies and state agencies in considering possible criminal actions against Mr. Lazaridis. Sterns Decl. ¶ 28, Exhibit I. To disclose this information would reveal pre-decisional communications among government personnel, including litigation issues, alternatives, and strategies. *Id*. Moreover, disclosure of this information would jeopardize the candid and comprehensive considerations which are essential for efficient and effective decision-making. *Id*. Because the communications contained in the records at issue reflect internal governmental discussions that are both pre-decisional and deliberative, EOUSA properly invoked Exemption 5 to withhold these communications as protected by the deliberative

11

process privilege.

## 2. **The Attorney Work Product Privilege**

The Supreme Court established the work-product doctrine in *Hickman v. Taylor*, 329 U.S. 495 (1947), which held that an attorney's notes recording his interviews with witnesses to the litigation-prompting incident were protected from discovery. *Id*. at 509-10. "At its core, the work product doctrine shelters the mental processes of the attorney." *United States v. Noble*, 422 U.S. 225, 238 (1975). Courts have long recognized this doctrine because it is "essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d at 864 (citing *Hickman v. Taylor*, 329 U.S. 495, 509-11 (1947) (witness statements prepared at the request of an attorney are attorney work product)). More importantly, this doctrine should be interpreted broadly. *Hickman v. Taylor*, 329 U.S. at 510-11.

To qualify for the protection of the attorney work-product privilege, a document must have been created by or at the direction of an attorney in anticipation of litigation. The litigation anticipated need not be imminent, as long as the motivating factor behind the creation of the document was to aid in possible future litigation. *U.S. v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981); *A. Michael's Piano, Inc. v. Federal Trade Comm'n*, 18 F.3d 138, 146 (2d Cir. 1994) (attorney work product doctrine protects factual materials prepared in anticipation of litigation); *Hickman*, 329 U.S. at 511. The attorney work-product privilege protects "the files and the mental impressions of an attorney ... reflected, of course, in interviews, statements, memoranda, correspondence, briefs...and countless other tangible and intangible ways prepared in anticipation of litigation," particularly those documents which set forth the attorney's theory of the case and

12

litigation strategy. *A. Michael's Piano, Inc. v. Federal Trade Comm'n*, 18 F.3d at 146 (citing *Hickman* 329 U.S. at 509-11)). The work product doctrine shields materials "prepared in anticipation of litigation or for trial by or for [a] party or by or for that . . . party's representative (including the ... party's attorney, consultant, ... or agent)." Fed. R. Civ. P. 26(b)(3).

EOUSA invoked Exemption 5 and the attorney-work product privilege to withhold an attorney's 19-page litigation summary, an undated chronology of a case and an attorney's hand-written notes on a letter. Sterns Decl. ¶¶ 25-27, Exhibit I. These records reflect trial preparation, trial strategy, interpretations by an attorney and attorney's personal evaluations and opinions concerning the Lazaridis criminal case. Sterns Decl. ¶ 27. Moreover, these records were created by an attorney or at the request of an attorney in anticipation of litigation or during litigation. *Id.*

### C. Exemptions 6 and 7(C)

### 1. Exemption 6

Exemption 6 of the FOIA protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). "The Supreme Court has interpreted the phrase 'similar files' to include all information that applies to a particular individual." *Lepelletier v. FDIC*, 164 F.3d 37, 46 (D.C. Cir. 1999), *quoting Dept. of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982). The Court has also emphasized that "both the common law and the literal understanding of privacy encompass the individual's control of information concerning his or her person." *U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 763 (1989).

In order to determine whether there would be a "clearly unwarranted invasion of personal privacy," the Court must balance the interests of protecting "an individual's private affairs from

unnecessary public scrutiny," and "the public's right to governmental information." *Lepelletier v. FDIC*, 164 F.3d at 46 (interior quotation marks omitted), citing *United States Dept. of Defense v. FLRA*, 964 F.2d 26, 29 (D.C. Cir. 1992), *quoting Dept. of Air Force v. Rose*, 425 U.S. 352, 372 (1976). In determining how to balance the private and public interests involved, the Supreme Court has sharply limited the notion of "public interest" under the FOIA: "[T]he *only* relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'" *Lepelletier v. FDIC*, 164 F.3d at 46 (editing by the court, emphasis supplied, interior quotation marks omitted), quoting *United States Dept. of Defense v. FLRA*, 510 U.S. 487, 497 (1994). *See also Reporters Committee*, 489 U.S. at 773. Information that does not directly reveal the operation or activities of the federal government "falls outside the ambit of the public interest that the FOIA was enacted to serve." *Id.* at 775. Further, "something, even a modest privacy interest, outweighs nothing every time." *National Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989); *but see Lepelletier v. FDIC*, 164 F.3d at 48 (in extraordinary circumstance where the individuals whose privacy the government seeks to protect have a "clear interest" in release of the requested information, the balancing under Exemption 6 must include consideration of that interest).

### 2. Exemption 7(C)

Exemption 7(C) authorizes the government to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). In order to trigger the balancing of public interests

14

against private interests, a FOIA requester must (1) "show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake," and (2) " show the information is likely to advance that interest." *Boyd v. Criminal Division of U.S. Dept. of Justice,* 475 F.3d 381, 366, (D.C. Cir. 2007), *citing Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172, (2004). If the public interest is government wrongdoing, then the requester must "produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. at 174.

Moreover, this Circuit has consistently held that this exemption protects the privacy interests of all persons mentioned in law enforcement records, including investigators, suspects, witnesses and informants. *See Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003) (citing cases). When a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies." *Keys v. U.S. Dept. of Justice*, 830 F.2d 337, 340 (D.C. Cir. 1987) (citing *Pratt v. Webster,* 673 F.2d 408, 418 (D.C. Cir. 1982). A criminal law enforcement agency must simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "'based on information sufficient to support at least "a colorable claim" of its rationality.'" *Keys v. U.S. Dept. of Justice*, 830 F.2d at 340 (quoting *Pratt*, 673 F.2d at 421). Once the agency has demonstrated that the records were compiled for law enforcement purposes, the Court must next consider whether the release of information withheld "could reasonably be expected to constitute an unwarranted invasion of personal privacy." This determination necessitates a balancing of the individual's right to privacy against the public's right of access to information in government files. *See, e.g., U.S. Dept. of Justice v. Reporters*

15

*Committee for Freedom of the Press*, 489 U.S. 749, 776-80 (1989).  Only where the requester can produce meaningful evidence  –  "more than a bare suspicion" – which would cause a reasonable person to believe that the government had engaged in impropriety should the Court even consider balancing the privacy interests against the public interest in disclosure.  *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. at 174.

The USAO-WDMI compiled all of the information contained in the responsive criminal files and the Victim/Witness file for the law enforcement purpose of prosecuting Mr. Lazaridis for the alleged offenses of parental kidnapping/interference with parental rights.  Sterns Decl. ¶ 34. EOUSA invoked FOIA Exemption 7(C) in conjunction with FOIA Exemption 6 to categorically withhold all responsive records pertaining to third parties involved in Mr. Lazaridis's criminal investigation in documents 1, 5, 6, 8-31 and 33-35.  Sterns Decl. ¶ 36, Exhibit I.   EOUSA determined that any records responsive to Mr. Lazaridis's request would be contained in the criminal file pertaining to a third-party individual.  *Id.*  EOUSA also determined that in the absence of an overriding public interest in disclosure, consent from the third parties or proof of their death, disclosure of the requested information could reasonably be expected to constitute an unwarranted invasion of the third parties' privacy.  *Id.*, Fn. 2.  In contrast, the public interest in knowing the names of individuals mentioned in law enforcement records is, generally, nil.  *See Blanton v. Dep't of Justice*, 63 F.Supp. 2d 35, 45 (D.D.C. 1999) ("The privacy interests of individual parties mentioned in law enforcement files are 'substantial' while '[t]he public interest in disclosure [of third party identities] is not just less substantial, it is unsubstantial.'") (quoting *SafeCard*, 926 F.2d at 1205)). "[P]rivacy interests are particularly difficult to overcome when law enforcement information regarding third parties is implicated."  *Martin v. Dep't of Justice*, 488

16

F.3d 446 (D.C. Cir. 2007) (citing *Reporters Comm. for Freedom of the Press*, 489 U.S. at 773. In weighing the privacy interests in non-disclosure, courts have recognized the considerable stigma and potential for harassment and embarrassment inherent in being associated with law enforcement proceedings and criminal activity. *See, e.g.*, *Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C. Cir. 1990) (acknowledging stigmatic connotations of being mentioned in law enforcement files); *Lesar v. Dep't of Justice*, 636 F.2d 472, 488 (D.C. Cir. 1980) (noting the reputational harm and personal embarrassment of being mentioned in law enforcement files).

Once a privacy interest has been established, as here, it must be balanced against the public interest, if any, that would be served by disclosure. *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. at 171. "Where the privacy concerns addressed by Exemption 7(C) are present, [this] exemption requires the person requesting the information to establish a sufficient reason for the disclosure." *Id.* at 172. The requester must demonstrate that the "public interest sought to be advanced is a significant one" and that the information requested "is likely to advance that interest." *Id.* at 172. "Otherwise, the invasion of privacy is unwarranted." *Id.* at 172.

The public interest in disclosure is limited to the FOIA's "core purpose" of shed[ding] light on an agency's performance of its statutory duties." *Reporters Comm. for Freedom of the Press*, 489 U.S. at 773. This standard is not easily satisfied when law enforcement information pertaining to individuals is sought. *See Fitzgibbon v. CIA*, 911 F.2d at 768; *Albuquerque Publ'g Co. v. U.S. Dept. of Justice*, 726 F. Supp. 851, 855-56 (D.D.C. 1989) (no public interest in disclosure of sensitive information DEA obtained about individuals and their activities, where such material would not shed light on DEA's conduct with respect to the investigation).

In addition, Mr. Lazaridis has failed to meet his burden of establishing that there is a

public interest in the disclosure of this information that outweighs the strong privacy interest of the named third-party individuals.  The public interest in disclosure is limited to the FOIA's "core purpose" of shed[ding] light on an agency's performance of its statutory duties."  *Reporters Comm. for Freedom of the Press*, 489 U.S. at 773.  This standard is not easily satisfied when law enforcement information pertaining to individuals is sought.  *See Fitzgibbon v. CIA*, 911 F.2d 755, 768 (D.C. Cir. 1990); *Albuquerque Publ'g Co. v. U.S. Dept. of Justice*, 726 F. Supp. at 855-56 (no public interest in disclosure of sensitive information DEA obtained about individuals and their activities, where such material would not shed light on DEA's conduct with respect to the investigation).

What is more, although Mr. Lazaridis may want this information for his custody action or other lawsuits, a requester's private agenda is irrelevant for Exemption 7(C) purposes.  *See Horowitz v. Peace Corps*, 428 F.3d 271, 278-79 (D.C. Cir. 2005) (reasoning that the plaintiff's need for records to pursue a civil suit is irrelevant), *cert. denied*, 126 S. Ct. 1627 (2006); *Taylor v. U.S. Dep't of Justice*, 268 F.Supp.2d 34, 36 (D.D.C. 2003) (concluding that there was no public interest in disclosure of information to assist the plaintiff in challenging a conviction).  Accordingly, EOUSA properly withheld third-party information from Mr. Lazaridis under FOIA Exemptions 6 and 7(C).  Sterns Decl. Exhibit I.

## IV.  EOUSA PROPERLY DENIED ACCESS UNDER PRIVACY ACT EXEMPTION 5 U.S.C. § 552a(j)(2)

The records that EOUSA located in response to Plaintiff's request are exempt from disclosure under the PA.  Specifically, Subsection (j)(2) of the PA allows an agency to promulgate regulations exempting from mandatory disclosure:

> records maintained by an agency or component thereof which
> performs as its principal function any activity pertaining to the
> enforcement of criminal laws, including police efforts to prevent,
> control, or reduce crime or to apprehend criminals, and the activities
> of prosecutors, courts, correctional, probation, pardon, or parole
> authorities, and which consists of ...(B) information compiled for
> the purpose of a criminal investigation, including reports of
> informants and investigators, and associated with an identifiable
> individual; or (C) reports identifiable to an individual compiled at
> any stage of the process of enforcement of the criminal laws from
> arrest or indictment through release from supervision.

5 U.S.C. § 552a (j)(2).   The USAO-WDMI's Criminal Case Files and Administrative File system

are Privacy Act Systems of Records.  Sterns Decl. ¶¶ 19-20.  The Attorney General has

promulgated regulations at 28 C.F.R. § 16.81 (2007), exempting these records from the Privacy

Act's access provisions pursuant to 5 U.S.C. §552a(j)(2).  *Id.*

## V.  ALL REASONABLY SEGREGABLE MATERIAL
## HAS BEEN RELEASED TO PLAINTIFF

"The FOIA requires that '[a]ny reasonably segregable portion of a record shall be provided

to any person requesting such record after deletion of the portions which are exempt.'"  *Juarez v.*

*Department of Justice*, 518 F.3d 54, 61 (D.C. Cir. 2008) (citing 5 U.S.C. § 552(b)).  "This Circuit

has long recognized, however, that documents may be withheld in their entirety when nonexempt

portions 'are inextricably intertwined with exempt portions [of the record].'" *Id.* (citing *Mead*

*Data Cent., Inc. v. United States Dept. Of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977)).  "A

court may rely on government affidavits that show with reasonable specificity why documents

withheld pursuant to a valid exemption cannot be further segregated for this reason." *Id.* (citing

*Armstrong v. Executive Office of the President*, 97 F.3d 575, 578 (D.C. Cir. 1996).

The FOIA requires that if a record contains information that is exempt from disclosure,

any "reasonably segregable" information must be disclosed after deletion of the exempt

information unless the non-exempt portions are "inextricably intertwined with exempt portions."

5 U.S.C. § 552(b); *Mead Data Cent., Inc. v. United States Dept. of the Air Force*, 566 F.2d at 260.

The Court of Appeals for the District of Columbia Circuit has held that a District Court

considering a FOIA action has "an affirmative duty to consider the segregability issue *sua sponte.*"

*Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir.

1999).

In order to demonstrate that all reasonably segregable material has been released, the

agency must provide a "detailed justification" rather than "conclusory statements." *Mead Data

Cent., Inc. v. United States Dept. of the Air Force*, 566 F.2d at 261. The agency is not, however,

required "to provide such a detailed justification" that the exempt material would effectively be

disclosed. *Id.* All that is required is that the government show "with 'reasonable specificity'" why

a document cannot be further segregated. *Armstrong v. Executive Office of the President*, 97 F.3d

at 578-79. Moreover, the agency is not required to "commit significant time and resources to the

separation of disjointed words, phrases, or even sentences which taken separately or together have

minimal or no information content." *Mead Data Cent., Inc. v. United States Dept. of the Air

Force*, 566 F.2d at 261, n.55.

By their nature, the 185 pages of grand jury transcripts (Documents 33-35) are not

reasonably segregable and, therefore, were properly withheld by EOUSA in their entirety under

Exemption 3. *See Geronimo v. Executive Office for U.S. Attorneys*, 2006 WL 1992625 * 6

(D.D.C. 2010) (approving withholding of grand jury transcripts in their entirety) (citing *Dipietro

v. Executive Office for U.S. Attorneys*, 357 F.Supp.2d at 183; *Regiero v. U.S. Dep't of Justice*, 257

F.3d 534, 554 (6th Cir. 2001); *Church of Scientology Intern. v. U.S. Dep't of Justice*, 30 F.3d 224,

235 (1st Cir. 1994)).   Documents 1 and 32 containing information protected by the attorney work-

product privilege were also properly withheld in their entirety under FOIA Exemption 5.  *See*

*Geronimo v. Executive Office for U.S. Attorneys*, 2006 WL 1992625 * 6 (D.D.C. 2010).   The

attorney's hand-written notes were also properly withheld on document 7, while releasing the

remainder of the document.  *Id*.  In addition, EOUSA properly invoked the deliberative process

privilege as to document 1 in conjunction with the attorney work-product and FOIA Exemptions 6

and 7(C) to withhold the entire 19-page attorney summary of litigation.   Sterns Decl. Exhibit I.

Finally, EOUSA's invocation of FOIA Exemptions 6 and 7(C) to withhold information

pertaining to third parties, while releasing other parts of documents demonstrates that EOUSA

conducted a meaningful segregability review for non-exempt material and that no other parts of

these documents could be disclosed without destroying the integrity of the document or without

invading a third party's personal privacy.  Sterns Decl. ¶ 41.

## Conclusion

For the foregoing reasons, Defendant DOJ should be granted partial summary judgment as

a matter of law with respect to EOUSA's response to Mr. Lazaridis's FOIA/PA request.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney
For the District of Columbia
D.C. Bar No. 447889

RUDOLPH CONTRERAS
Chief, Civil Division

By: _____/s/_____
JUDITH A. KIDWELL
Assistant United States Attorney
555 Fourth Street, N.W., Room E4212
Washington, D.C.  20530
(202) 514-7250
Judith.A.Kidwell@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY, that copies of the foregoing Defendant U.S. Department of

Justice's Motion for Partial Summary Judgment As To EOUSA, Memorandum of Points and

Authorities, Statement of Material Facts As To Which There Is No Genuine Issue and proposed

order were mailed, postage pre-paid, to Emmanuel N. Lazaridis Plaintiff *pro se* on this 20th day of

July 2010, to the following address:

Emmanuel N. Lazaridis
LAZARIDIS-KORTJIDAKIS
SMYRNIS 14
71305 HERAKLION, CRETE
GREECE
+30 693-902-7351


_____/s/_____
JUDITH A. KIDWELL
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **EMMANUEL N. LAZARIDIS,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   **Civil Action No. 09-1177 (RMC)** |
| | ) |
| **UNITED STATES DEPARTMENT OF JUSTICE,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

_____

**ORDER**

UPON CONSIDERATION OF Defendant United States Department of Justice's ("DOJ")

Motion for Partial Summary Judgment As To the Executive Office for United States Attorneys,

any Opposition thereto, and the entire record in this case, it is this _____ day of _____,

2010,

**ORDERED** that Defendant DOJ's motion is **GRANTED.**

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel via ECF

Emmanuel N. Lazaridis
LAZARIDIS-KORTJIDAKIS
SMYRNIS 14
71305 HERAKLION, CRETE
GREECE
+30 693-902-7351